**UNITED STATES, Appellee,**

v.

**Alan K. SCHMIDT, Specialist Four, U. S. Army, Appellant.**

**No. 28,666.**

U. S. Court of Military Appeals.

April 11, 1975.

*Captain John M. Nolan* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Major Richard J. Goddard,* and *Captain Allan K. DuBois.*

*Captain William A. McNutt* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen* and *Captain Joel M. Martel.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

This case involves a question of the providence of a plea of guilty. Although the accused pleaded guilty as charged to three offenses, only the providence of the plea of guilty to the specification alleging a violation of a general regulation by possessing an unregistered firearm has been put in issue, requiring this Court to construe the applicable provisions of the regulation.

The facts are not generally in dispute. When a fellow soldier complained that his unit was about to undergo a shakedown, the accused gave him permission to use his own room to conceal hashish, amphetamines, and a .38-caliber pistol, because the room was never searched. In the accused's absence, the other soldier put these items in the room, utilizing a key to gain entrance. In a search of the accused's room shortly thereafter, these items were discovered, giving rise to the charges against the accused of wrongfully possessing hashish and amphetamines and possessing an unregistered firearm. It is the firearms offense which concerns us.

During the providence inquiry the accused stated he had not been aware of the fact that the weapon was not properly registered at the time it was in his room. As the appellant here, the accused now argues that his plea of guilty to violating a general regulation by possessing an unregistered firearm was improvidenced by this testimony on the grounds that his actual knowledge that the weapon was unregistered was an essential element of the offense. We do not agree.

■ In the first place, when viewed as a whole, we believe that the alleged "inconsistency" was subsequently clarified by the military judge upon further inquiry:

MJ: Now, how did it come about that you had this pistol?

ACCUSED: Private Stone brought it into my room approximately fifteen minutes after twelve on February 15th.

MJ: Was this part of your deal to conceal his drugs and what not? This pistol was the normal accoutrement, if you will, of the drug dealer in your environment?

ACCUSED: Well, Your Honor. . .

MJ: To avoid legal process, was that why you had the pistol?

ACCUSED: I would assume so, Your Honor. But the man also did, in fact, get an Article 15 for two more knives and another pistol which he didn't have registered. So with him buying this other pistol, he also put this in my room with the hash and the speed.

MJ: And did you possess this pistol under the same circumstances that you possessed the hash and speed; that is, did you, in order to accommodate your friend, take possession of this pistol for him?

ACCUSED: Yes, Your Honor, I did.

These admissions by the accused of his knowledge that the pistol was newly purchased, that the owner had previously been punished for possessing an unregistered pistol, and that the pistol and drugs were to be hidden under the same circumstances, together with the logical inference that if the weapon were registered there would be no reason to fear its discovery during a shakedown, fully support the military judge's finding, implicit in his acceptance of the plea, that the accused knew the pistol was unregistered.

█ In the second place, we interpret the regulation in question to require any person subject to it, as was the accused, not to be in the possession of any weapon subject to registration, as was the .38-caliber pistol in this case, which has not been registered. The regulation, paragraph 4f(2), USAREUR 190–6 (Jan. 11, 1972), requires that persons subject to it will not

> possess, use, or carry any privately owned firearm that has not been registered ei-

ther under this regulation or in accordance with the applicable laws of the host country concerned or its political subdivisions.

The appellant's whole argument is based on the faulty premise that if the weapon had been properly registered by its owner then he would not have violated the regulation by permitting the pistol to come into his possession. But paragraph 4f(2) of the regulation concerns the act of possession not the technicalities of ownership. Even the use of the term "privately owned firearm" does not purport to do more than merely distinguish between "Government-owned" weapons and all others. Paragraph 1a, Annex B, USAREUR Regulation 190–6 (Jan. 11, 1972). In fact, the regulatory scheme set out in USAREUR Regulation 190–6 does not contain any provision which would permit the person to whom a weapon has been registered to transfer possession of it to another under the circumstances described by the accused. Even a registered weapon must be housed in a unit arms room, not an individual's barracks room. Paragraph 14b, USAREUR Regulation 190–6 (Jan. 11, 1972). Indeed, the regulation is explicit that the transfer of possession of a handgun between members of the command may not be made until after the registration has been accomplished. Paragraph 10a, USAREUR Regulation 190–6 (Jan. 11, 1972). Paragraph 4f(4) of the regulation further demonstrates that it is the possession and not the ownership of a weapon which occasions the need to register it by the requirement that the possessor of a weapon must be prepared to respond promptly to a request by police authorities to present the appropriate documents reflecting authorization for the acquisition, registration, or retention of any privately owned firearm in his possession. The provisions for lending and borrowing a registered weapon for hunting or sporting purposes obviously do not apply on these facts. Paragraph 16, USAREUR Regulation 190–6 (Jan. 11, 1972). Consequently, we construe paragraph 4f(2) of the regulation to apply to the facts of this case as established in the rec-

ord of the providence inquiry so as to prohibit the possession of a .38-caliber pistol, not government property, by a person subject to the regulation who has not complied with the registration requirements of the regulation, without regard to the legal ownership of the weapon. As the facts disclosed at the providence inquiry clearly establish the appellant's possession of an unregistered weapon within this meaning of the regulation, his plea of guilty to a violation of Article 92(1), Uniform Code of Military Justice, 10 U.S.C. § 892(1), was provident.

The decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs.

Judge QUINN did not participate in the decision of this case.